JACOB E. GROVE, Plaintiff in Error, *v.* HEIRS OF ROBARDS AND JAS. THOMPSON, Defendants in Error.

1. *Uses and Trusts—Purchasers.*— The trustee holds the legal estate for benefit of the *cestui qui trust*, and no act of his can prejudice the beneficiary ; but if the trustee be in actual possession of an estate and sell it to an innocent purchaser, for a valuable consideration, without any notice of the trust, the purchaser will be protected.

2. *Fraud—Notice—Conveyances.*—The heirs of the grantor in a deed of trust in the nature of a mortgage, who has by fraudulent representations induced the trustee to release the property without the knowledge and consent of the *cestui qui trust*, take the estate with full notice, and stand in the same position as their ancestor.

*Error to Hannibal Court of Common Pleas.*

*Sharp & Broadhead,* for plaintiff in error.

I. The power of the trustee over the legal estate or property vested in him exists only for the benefit of the *cestui qui trust*—2 Stor. Eq., § 977 ; 34 Mo. 518, Ewing v. Shafton—where it is held that the person receiving satisfaction is the proper person to acknowledge satisfaction on the record.

II. The power vested in the trustee by the deed must be strictly pursued; otherwise his acts are void—Balridge, Adm'r, v. Walton, 1 Mo. 520 ; Stine v. Wilkson et als., 10 Mo. 75 ; 14 Mo. 341 ; Butler v. Dunc., 1 P. Will. 454, in which last case the Lord Chancellor says: "A declaration of trust is like prescribing a law to the trustee which is to be observed by him, and contains a prohibition to act to the contrary."

*Carr,* for defendants in error.

When the trustee gave the deed of release to A. S. Robards, that divested him of all title, legal or equitable, to the lot in question. His power over it then became *functus officio,* and he had no authority to advertise and sell it afterwards. The sale under the deed of trust was void *ab initio.* The sale was not a mere irregularity. There was a total

want of authority. Two remedies were open for the plaintiff in error to have pursued, viz. : either,

1. To sue the trustee for damages for improperly releasing the deed of trust ; or,

2. To have instituted a suit to set aside and vacate said deed of release, upon an allegation of fraud or collusion, and then get the court to restore the lien and order the property to be sold to satisfy the debt. The plaintiff in error has pursued neither of these remedies. When he alleged in his petition that the trustee had released the deed of trust and afterwards sold under it, he stated himself out of court.

WAGNER, Judge, delivered the opinion of the court.

The petition in this case is in the nature of a bill in equity. It states that on the 21st day of July, 1860, A. S. Robards, now deceased, and Amanda his wife, made, executed and delivered a deed of trust to Jas. Thompson, (who is made a co-defendant, (to secure the payment of a note due the plaintiff for the sum of $1,120, which was payable six months after the date of said deed, by which he conveyed to defendant Thompson lot No. 7, in block No. 47, in the city of Hannibal, together with all the improvements thereon ; that in default of the payment of said note, when it became due and payable, the trustee Thompson was to advertise and sell the said lot for cash, after giving the notice specified in the said deed in some newspaper, and with the money arising from the sale he was to satisfy the expense of the trust and pay off and discharge the indebtedness that might be due on the note. The deed of trust was duly filed for record in the office of the recorder of Marion county, on the 8th day of September, 1860.

Robards, before his death, made a small payment on the note, and interest up to the 21st of March, 1861, but failed to pay the balance due. On the 30th day of April, 1861, Thompson, the trustee, at the request of, and through the representations of Robards, executed a deed of release to the

lot to the latter, leaving the debt still unpaid. Robards died insolvent. At the request of the plaintiff, Thompson, in accordance with the deed of trust, proceeded to advertise and sell the property, and plaintiff became the purchaser thereof at the sale on the 2d day of September, 1863, and received a deed for the same on the next day, which said deed was filed for record on the 5th day of October thereafter.

The petition charges that the release was procured by the false and fraudulent representations of the said grantor, A. S. Robards, and it also charges a combination and conspiracy with others to effect that object. It then prays that Amanda, the widow of A. S. Robards, who joined with her husband in executing the deed of trust, and relinquished her dower in the property therein conveyed, and who has, since the death of her said husband, instituted her action in the Hannibal Court of Common Pleas for assignment of dower in the said premises, be enjoined and restrained from further prosecuting her said suit, and also prays that the deed of release may be set aside and annulled.

The only material defence set up in the answer was that plaintiff had received a new note from Robards, and taken other security in satisfaction of the previous debt. But no evidence was introduced to sustain this allegation. The evidence at the trial showed that the release was obtained without the knowledge of the plaintiff, who was the *cestui qui trust*, and by the false and fraudulent representations of Robards, who induced the trustee to believe that the debt had been paid. The court, at the hearing of the cause, dismissed the bill, and it now comes here on writ of error.

It is now a well settled rule in equity that the trustee only holds the legal estate for the benefit of the *cestui qui trust*, and that no act of his shall prejudice the beneficiary. (Tif. & Bul. on Trusts and Trustees, 806–18; 1 Greenl. Cruise, 418.) Nor will the forbearance of a trustee in not doing what it was his duty to have done, affect the *cestui qui trust*, since, in that case, it might be in his power, by refusing to do his duty, to affect injuriously the rights of other persons.

34—VOL. XXXVI.

This rule, however, is subject to one exception—that is, where a trustee is in actual possession of an estate, and conveys it for a valuable consideration to an innocent purchaser who has no notice of the trust, such person will be entitled to hold the estate against the *cestui qui trust*—for an innocent person shall not in general have his title impeached. (Millard's case, 2 Freem. 43.) But if the alienee have notice of the trust, it attaches in his hands, and will be enforced in equity accordingly.

In this case, the heirs of Robards stand in no better position than Robards did himself in his life-time. The law implies that full notice was imparted to them. The release was a nullity; it was procured by a fraud, and was void in its very inception.

The law requires men to be honest and truthful in their representations, and every departure therefrom will be treated as fraudulent.

The judgment is reversed and the cause remanded. The other judges concur.